WILLIAM SNELL *v.* THE STATE.

CARRYING ARMS NEAR AN ELECTION-POLL. — On his trial for this offense the
accused proved that he had been deputed by a justice of the peace to exe-
cute a warrant of arrest, and claimed that, being thereby constituted a
peace officer, he was authorized to carry arms, etc. But his proof showed
that the warrant of arrest, and his appointment to execute it, antedated the
time of the election by some five months. *Held,* that, after such a lapse of
time, the emergency which empowered the justice so to depute the accused
must be deemed to have ceased, and with it the authority and immunities
of a peace officer.

APPEAL from the County Court of Hamilton. Tried
below before the Hon. D. C. SMITH, County Judge.

The opinion states the case.

No brief for the appellant.

*George McCormick,* Assistant Attorney-General, for the
State.

ECTOR, P. J. The accused was prosecuted for unlawfully
carrying a gun, in Hamilton County, on February 15, 1876,
during the hours the polls were open, and within a distance
of one half-mile of a place of election, it being charged in
the indictment that February 15, 1876, was a day of elec-
tion, etc. The prosecution was under article 6490 of Pas-
chal's Digest, volume 2.

The evidence proves beyond question that, on the day
charged in the indictment, the defendant, at the Evergreen
voting-box in Hamilton County, which was a place of elec-
tion, did carry his gun around, and within a distance of
one half-mile of said place of election, during the hours the
polls were open. The defendant introduced evidence to
show that he was a peace officer at the time, and show that,
therefore, he had the right to carry the gun.

To prove the fact of his being such an officer, he intro-

duced one Simpson Loye, who testified that he was a justice of the peace in Hamilton County, Texas, during the years 1875 and 1876 ; that, as such justice of the peace, on complaint being filed before him that Hiram Faggard, in the Indian Territory, in 1875, did kill and murder one William Martin, he issued a warrant for the arrest of said Faggard, and that he deputized the defendant to execute it.    The warrant, with the order deputizing the defendant to execute it, and the oath taken by him before said justice that he would execute it according to law, were read in evidence to show that he was a peace officer, and, therefore, authorized to carry arms at the time and place charged in the indictment.    This warrant was dated September 23, 1875, nearly five months prior to the day of election.

In cases of emergency, any justice of the peace may depute any person of good character to execute any process, civil or criminal, provided that in every such case the justice shall certify, on the back of such process, that the person is so deputed by him, and the person so deputed shall take and subscribe an oath that he will execute such process according to law, which oath, with the certificate of the justice that it was administered, shall be indorsed on, or annexed to, such process.    Pasc. Dig., art. 1208.

It is reasonable to conclude that the emergency which authorized the justice of the peace to deputize a private citizen to execute process, instead of a regular peace officer, had ceased, and that a private citizen, so deputed, could not claim that he was bearing arms on such an occasion in the discharge of the duties imposed on him by law.

It is further provided, by a subsequent act of the same Legislature, that no person shall go to any election precinct on the day or days of any election, where any portion of the people of his state are collected to vote at any election, having about his person any fire-arms of any kind whatever, unless it is a person whose duty it is to bear arms on such

occasion in discharge of duties imposed by law.   Pasc. Dig., art. 6511.

The conviction is fully sustained by the law and the evidence.   The penalty assessed was the lowest affixed for the violation of the law; and the judgment must, therefore, be affirmed.

*Affirmed.*